

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| RONALD F. MORAN, | \* | CIV 05-3036 |
| Plaintiff, | \* |  |
| -vs- | \* | OPINION AND ORDER |
| UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES, PUBLIC HEALTH SERVICE, INDIAN HEALTH SERVICE, an agency of the United States Government and the UNITED STATES OF AMERICA, and JOHN DOE NUMBER ONE, a/k/a PHYSICIANS ASSISTANT PETERSON, | \* |  |
| Defendants. | \* |  |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTRODUCTION

Plaintiff instituted this action pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, arising out of alleged medical malpractice of a physician's assistant at an Indian Health Services (IHS) facility on Rosebud Indian Reservation in South Dakota. The United States filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) based upon the lack of subject matter jurisdiction and an alternative motion for summary judgment pursuant to Fed. R. Civ. P. 56 based upon plaintiff's failure to timely disclose a medical expert to substantiate his claim of medical malpractice. The United States also filed a motion to extend the discovery deadline for disclosure of defendants' rebuttal expert should the dispositive motions be denied.

## DECISION

**I. Motion to Dismiss.**

I previously set forth the law as to motions to dismiss FTCA cases under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction:

> [H]ere the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction-its very power to hear the case-there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

Locke v. United States, 215 F.Supp.2d 1033, 1037 (D.S.D.,2002) (*citing* Osborn v. United States, 918 F.2d 724, 730 (8th Cir. 1990)).

> "The district court has the authority to consider matters outside the pleadings on a motion challenging subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Drevlow v. Lutheran Church, Mo. Synod*, 991 F.2d 468, 470 (8th Cir.1993). *See also Osborn v. United States*, 918 F.2d at 729, n. 4 (*citing Land v. Dollar*, 330 U.S. 731, 735 & n. 4, 67 S.Ct. 1009, 1011 & n. 4, 91 L.Ed. 1209 (1947) and *Satz v. ITT Fin. Corp.*, 619, F.2d 738, 742 (8th Cir.1980)).

Locke v. United States, 215 F.Supp.2d at 1037.

The FTCA waives sovereign immunity and confers federal court jurisdiction over

> "claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

Dolan v. U.S. Postal Service, 546 U.S. 481, ___, 126 S.Ct. 1252, 1256, 163 L.Ed.2d 1079 (2006).

The United States contends that Physician's Assistant Gerald Peterson was not an employee but rather a healthcare contractor.

The FTCA does not apply to torts committed by an independent contractor. United States v. Orleans, 425 U.S. 807, 813, 96 S.Ct. 1971, 1976, 48 L.Ed.2d 390 (1976) and 28 U.S.C.

§ 2671.[1] Whether Peterson was an employee or an independent contractor is determined by federal law. Smith v. United States, 674 F.Supp. 683, 685 (8th Cir. 1987) (*citing* Logue v. United States, 412 U.S. 521, 528, 93 S.Ct. 2215, 2220, 37 L.Ed.2d 121 (1973)). "A critical element in distinguishing an agency from a contractor is the power of the Federal Government 'to control the detailed physical performance of the contractor.'" United States v. Orleans, 425 U.S. at 814, 96 S.Ct. at 1976 (*quoting* Logue v. United States, 412 U.S. 521, 528, 93 S.Ct. 2215, 2219, 37 L.Ed.2d 121, 128 (1973)).

Peterson apparently had no formal "contract" to provide services for IHS. Instead, his relationship with IHS was established pursuant to an "order for supplies or services." In that document, Peterson was described as the "contractor" pursuant to a "non-personal healthcare contract for a certified mid-level provider to provide clinical services in the out-patient department at the Rosebud, PHS, IHS, Hospital." His duties were to "be performed in accordance to (sic) the attached statement of work." IHS "reserve[d] the right to accept or reject serices (sic) if the level of performance is unsatisfactory." Although the "contract" states that a "statement of work" is attached, none was provided to the Court.

Certain matters are troubling as to Peterson's status. He is merely a physician's assistant. Ordinarily, one would think, he could not provide medical services except under the direction of a licensed physician. He certainly could not do so in South Dakota generally. One would hope that the federal government would require health care professionals rendering services to Native Americans to meet standards required of health care professionals providing services to non-Native Americans. Apparently, that is a futile hope. There is no evidence in the record whether a licensed physician did in fact direct or monitor his actions. Nor did the parties address whether such direction was required, given that the medical services were performed on an Indian reservation at an IHS facility.

Notwithstanding the Court's reservations, plaintiff bears the burden of establishing jurisdiction and he has failed to do so. He contends that discovery is necessary in order to establish whether Peterson was an employee or a contractor of IHS. The Rule 16 Scheduling

---

[1]"As used in . . . § 1346(b) . . . the term 'Federal agency' . . . does not include any contractor with the United States."

3

Order issued on May 18, 2006, set a discovery deadline of January 2, 2007. The motion to dismiss or, alternatively, for summary judgment was filed on November 30, 2006. Plaintiff's response was filed January 9, 2007, claiming that no discovery had yet taken place. The discovery deadline had passed prior to the plaintiff filing his response to the motions. He failed to conduct any discovery during the discovery phase of this matter at his own peril.

In any event, as part of the alternative motion for summary judgment the government set forth in its statement of undisputed material facts that Gerald Peterson was, at all times relevant, an independent contractor with IHS. Plaintiff failed to file the required statement of material facts responding "to each numbered paragraph in the moving party's statement with a separately numbered response and appropriate citations to the record" as required by D.S.D. LR 56.1(C). Therefore, the facts set forth by the defendants are deemed admitted. D.S.D. LR 56.1(D). Gerald Peterson is an independent contractor, for the purposes of this action, and therefore this Court lacks jurisdiction under the FTCA.

## II. Motion For Summary Judgment.

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Donaho v. FMC Corp., 74 F.3d 894, 898 (8th Cir. 1996). Defendants are entitled to summary judgment if plaintiff fails "to establish the existence of an element essential to" the plaintiff's case on which the plaintiff "will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the [plaintiff's] case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). "A material fact dispute is genuine if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party." Landon v. Northwest Airlines, Inc., 72 F.3d 620, 634 (8th Cir. 1995). In considering the motion for summary judgment, this court must view the facts in the light most favorable to plaintiff and give plaintiff the benefit of all reasonable inferences that can be drawn from the facts. Donaho, 74 F.3d at 897-98.

The basis of the federal defendants' motion for summary judgment is the plaintiff's failure to disclose an expert witness. "In a medical malpractice case, plaintiff has the burden to

4

show whether the 'doctor deviated from the required standard of care.'" Schrader v. Tjarks, 522 NW2d 205, 210 (SD 1994).

> It is well-settled law in South Dakota that negligence in medical malpractice cases must be established by the testimony of medical experts unless the subject of the testimony is "within the common knowledge and comprehension of persons possessed of ordinary education, experience and opportunity." *Magbuhat v. Kovarik*, 382 N.W.2d 43, 46 (S.D.1986). *See Carlsen v. Javurek*, 526 F.2d 202, 207-08 (8th Cir.1975); *Appeal of Schramm*, 414 N.W.2d 31, 36 (S.D.1987); *Van Zee v. Sioux Valley Hospital*, 315 N.W.2d 489, 492 (S.D.1982); *Block v. McVay*, 80 S.D. 469, 474, 126 N.W.2d 808, 810 (1964) (overruled in part on other grounds in *Shamburger v. Behrens*, 380 N.W.2d 659 (S.D.1986)); *Hansen v. Isaak*, 70 S.D. 529, 533, 19 N.W.2d 521, 522-23 (1945); *Myrlie v. Hill*, 58 S.D. 330, 336-337, 236 N.W. 287, 290 (1931); *Kelley v. Hollingsworth*, 44 S.D. 23, 29, 181 N.W. 959, 961 (1921). The expert testimony requirement applies not only when establishing alleged deviations from the standard of care, it also applies when proving the essential element of causation. *Lohr v. Watson*, 68 S.D. 298, 2 N.W.2d 6 (1942). *See Podio v. American Colloid Co.*, 83 S.D. 528, 162 N.W.2d 385 (1968); *Howe v. Farmers Cooperative Creamery of Madison*, 81 S.D. 207, 132 N.W.2d 844 (1965); *Campbell v. City of Chamberlain*, 78 S.D. 245, 100 N.W.2d 707 (1960); Annot., 13 A.L.R.2d 11, 31 (1950); 61 Am.Jur.2d, Physicians and Surgeons § 348 (1981).

Koeniguer v. Eckrich, 422 NW2d 600, 606 (SD 1988) (Wuest, Chief Justice, dissenting).

Plaintiff contends that

> this is an alleged clear case of burning Plaintiff's flesh by application of a "hot cast" with resulting obvious deformity, any treating physician, lay person or lay witness can testify about causation, and that Mr. Peterson's conduct in not adequately protecting the Plaintiff's skin and leg before applying the hot cast, and then creating a permanent scar on his lower leg, was apparent and obvious to anyone, not just an expert witness.

A treating physician who testifies about the standard of care or causation is an expert witness and such testimony will not be received absent compliance with the expert disclosure requirements.

Defendants contest whether any scar on plaintiff's leg was caused by a burn or was instead an abrasion arising out of the injury plaintiff suffered prior to treatment at IHS. Defendants further contest whether the scar, if it was a burn scar, was caused by Peterson's

5

treatment of plaintiff. This is not a case where causation is within the common knowledge and comprehension of lay persons.

Expert testimony is required in order to establish plaintiff's medical malpractice claim. There is no genuine issue of material fact that plaintiff cannot establish an element necessary to his malpractice claim, that is, causation. Summary judgment in favor of the defendants is appropriate.

Plaintiff asserts that, if expert medical testimony is required, he should be allowed to have the expert disclosure and formal discovery deadlines extended. Plaintiff has set forth no good cause for failing to conduct any discovery between May 2006 and January 2007.

## ORDER

Based upon the foregoing,

IT IS ORDERED:

1. The United States' motion, Doc. 17, to dismiss or alternatively for summary judgment is granted.

2. The United States motion, Doc. 21, to extend the deadline to disclose a rebuttal expert witness is denied.

3. Plaintiff's request to extend the discovery and expert witness deadlines is denied.

4. This matter is dismissed with prejudice and with costs.

Dated this 28th day of March, 2007.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Barbara J. [signature]
DEPUTY
(SEAL)

6